# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**EDWIN A. SOBONY, II.,**

    **Plaintiff,**

                                              Civil Action 2:20-cv-6066

    v.                                         Judge Edmund A. Sargus, Jr.

                                              Chief Magistrate Judge Elizabeth P. Deavers

**MEGAN BRENNAN, et al.,**

    **Defendants.**

## ORDER AND REPORT AND RECCOMMENDATION

On November 25, 2020, Plaintiff Edwin A. Sobony, II, filed a Motion for Leave to Proceed *in forma pauperis* and a "Motion for Waive Fees and Provide Counsel." (ECF Nos. 1, 2.) For the following reasons, it is **RECOMMENDED** that Plaintiff's Motion (ECF No. 1) be **DENIED**. Further, Plaintiff's motion to appoint counsel is **DENIED**.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, (1948), set forth the legal standards governing applications to proceed *in forma pauperis*. The *Adkins* Court advised that "one must not be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id. at* 339. The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id.* Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the

fee and continue to provide for the necessities of life.  *Id*.  Courts evaluating applications to proceed *in forma pauperis*, generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses.  *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014).

Here, the information set forth in Plaintiff's *in forma pauperis* application does not demonstrate his inability to pay.  Plaintiff's application indicates that he currently is employed and that his monthly income is $5002.84.  (ECF No. 1 at 2.)  His application further indicates that his monthly expenses total approximately $2253.00, including $650.00 in child support. (*Id*.)  It does not appear, considering Plaintiff's monthly income and expenses, that the cost of filing the instant matter is beyond his means.

Plaintiff also has filed a motion seeking the appointment of counsel.  Although this Court has statutory authority under 28 U.S.C. § 1915(e) to appoint counsel in a civil case, the Court is recommending that Plaintiff's *in forma pauperis* application be denied.  Further, appointment of counsel is not a constitutional right.  *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (citation omitted).  Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id*. at 606.  The Court has evaluated whether such exceptional circumstances exist in this case and determines that the appointment of counsel is not warranted at this juncture.

It is therefore **RECOMMENDED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* be **DENIED** and that Plaintiff be **ORDERED** to pay the full filing fee of $400.00 within **FOURTEEN (14) DAYS** of an Order adopting this Report and Recommendation if he wishes to proceed.  Further, Plaintiff's motion for appointment of counsel (ECF No. 2) is **DENIED**.

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**


Date:  November 30, 2020                    /s/ *Elizabeth A. Preston Deavers*
                                                                        ELIZABETH A. PRESTON DEAVERS
                                                                        CHIEF UNITED STATES MAGISTRATE JUDGE